031820

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| EXXONMOBIL CHEMICAL COMPANY (A DIVISION OF EXXONMOBIL CORPORATION) and STANDARD TANKERS, LLC,        Plaintiffs<br><br>-against-<br><br>M/T CHEMROUTE BRIILIANT, her engines, tackle, boilers, etc.<br><br>-and against-<br><br>FAIRFIELD CHEMICAL CARRIERS, INC. and IINO KAIUN KAISHA LTD., jointly doing business as ALLIED CHEMICAL CARRIERS,        Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§   C.A. No. _____<br>§   In Admiralty<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## COMPLAINT

TO THE COURT:

1. Plaintiffs herein, by their attorneys, Hill Rivkins LLP, complaining of the above-named vessel and Defendants, allege upon information and belief:

A.

2. This is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333.

B.

3. At and during all the times hereinafter mentioned, Plaintiff ExxonMobil Chemical Company (A Division of ExxonMobil Corporation) was and now is a corporation which

had and now has an office and place of business at 13501 Katy Freeway, Houston, Texas 77079.

4. At and during all the time hereinafter mentioned, Plaintiff Standard Tankers, LLC, was and now is a limited liability company associated with Plaintiff ExxonMobil Corporation which had and now has an office and place of business in care of ExxonMobil Corporation at 3225 Gallows Road, Fairfax, Virginia 22037.

C.

5. At and during all times hereinafter mentioned, Defendant Fairfield Chemical Carriers, Inc. was and now is a foreign corporation or other business entity, with power to sue and be sued, which regularly engages in business in Texas and the United States as a common carrier of goods by water for hire, which does not maintain a regular place of business in Texas or a designated agent for service of process, and thus may be served through the Texas Secretary of State at its home office address: 21 River Road, 2nd Floor, Wilton, Connecticut 06897.

6. At and during all times hereinafter mentioned, Defendant IINO Kaiun Kaisha Ltd. was and now is a limited liability corporation or other business entity, with power to sue and be sued, which regularly engages in business in Texas and the United States as a common carrier of goods by water for hire, which does not maintain a regular place of business in Texas or a designated agent for service of process, and thus may be served through the Texas Secretary of State at its home office address: IINO Building, Uchisaiwaicho 2-1-1, Chiyoda-ku, Tokyo 100-0011, Japan.

7. Both of the above Defendants jointly operated the common carrier known as Allied Chemical Company, a foreign corporation or other business entity, with power to sue and

2

be sued, which regularly engages in business in Texas and the United States as a common carrier of goods by water for hire, which does not maintain a regular place of business in Texas or a designated agent for service of process, and thus may be served through the Texas Secretary of State through its operator, Fairfield Chemical Carriers, Inc., at its home office address: 21 River Road, 2nd Floor, Wilton, Connecticut 06897.

8. All Defendants were and now are engaged in business as common carriers of merchandise by water for hire, and owned, operated, managed, chartered, and controlled the above-named vessel which now is or will be within the jurisdiction of this Court during the pendency of this action.

D.

9. On or about July 1, 2013 and at the port of Houston, Texas, there was delivered to the vessel and Defendants, in good order and condition, a shipment of approximately 454.27 metric tons of methyl ethyl ketone ("MEK"), which the vessel and Defendants received, accepted and agreed to transport for certain consideration to a foreign port.

E.

10. After the MEK was loaded but before a bill of lading was issued, Defendants caused the cargo to be contaminated to such an extent that it had to be pumped from the vessel at great expense to Plaintiffs and subsequently sold at salvage.

F.

11. By reason of the premises, the above-named vessel and Defendants breached, failed and violated their duties and obligations as common carriers and bailees and were otherwise at fault.

G.

12. Plaintiffs were the shippers, owners or otherwise had a proprietary interest in the MEK shipment, and bring this action on their own behalf and, as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the shipment, as their respective interests may ultimately appear, and Plaintiffs are entitled to maintain this action.

H.

13. Plaintiffs have duly performed all duties and obligations on their part to be performed.

I.

14. By reason of the premises, Plaintiffs have sustained damages, as nearly as same can now be estimated, no part of which has been paid although duly demanded, in the amount of FIVE HUNDRED THOUSAND AND NO/100 DOLLARS ($500,000.00).

J.

15. All and singular the premises are true and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.  To the extent that this matter may be subject to arbitration, Plaintiffs have commenced this action to obtain security for any arbitration proceeding pursuant to 9 U.S.C. § 8.

WHEREFORE, Plaintiffs pray:

1.    That summons in due form of law may issue against Defendants;

2.    That a judgment may be entered in favor of Plaintiffs against Defendants, one or more of them, for the amount of Plaintiffs' damages and attorney's fees, together with interest and the costs and disbursements of this action;

4

3.   That process in due form of law according to the practice of this Court in causes of admiralty or maritime jurisdiction may issue against the motor vessel, her engines, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath all and singular the matters aforesaid, and this Court will be pleased to pronounce a judgment in favor of Plaintiffs for their damages and attorneys' fees, together with interest, costs and disbursements, and the motor vessel may be condemned and sold to pay therefore; and

4.   That this Court will grant to Plaintiffs such other and further relief as may be just and proper.

Respectfully submitted,

*Robert Glen Moll*

ROBERT G. MOLL
SDTX I.D. No. 15213
Texas Bar No. 000784622
HILL RIVKINS LLP
55 Waugh Drive, Suite 1200
Houston, Texas 77007
Tel.:  713/457-2288
Fax:  713/222-1359
Email: rmoll@hillrivkins.com

ATTORNEY FOR PLAINTIFFS

5

# VERIFICATION

STATE OF TEXAS     §
                       §
COUNTY OF HARRIS §

Robert G. Moll, being duly sworn, deposes and says:

I am an attorney with the firm of Hill Rivkins LLP, attorney for Plaintiffs. I am over twenty-one (21) years of age and fully competent to make this Verification. I have read the foregoing Complaint and know its contents. The Complaint is true to my knowledge, except as to the matters stated in the Complaint to be based on information and belief, and as to those matters, I believe them to be true.

The reason this Verification is made by me and not by Plaintiffs is that Plaintiffs are corporations or limited liability companies, none of whose officers are presently within this District.

The source of my information and the grounds for my belief as to those matters stated in the Complaint, to be alleged on information and belief, are documents and records in my firm's files.

_Robert Glen Moll_
ROBERT G. MOLL

Subscribed and sworn to before me, the undersigned notary public, on this ____ day of July, 2013, to certify which witness my hand and official seal.

_Grace R. Solis_
Notary Public, State of Texas

GRACE R. SOLIS
Notary Public, State of Texas
My Commission Expires
March 30, 2016

6